Filed 10/13/23  S.B. v. J.B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| S.B., <br><br>     Respondent, <br><br> v. <br><br> J.B., <br><br>     Appellant. | D081486 <br><br><br> (Super. Ct. No. 19FL004823C) |

APPEAL from an order of the Superior Court of San Diego County, Jose S. Castillo, Judge.  Affirmed.

J.B., in pro. per., for Appellant.

S.B., in pro. per., for Respondent.

J.B. appeals from a domestic violence restraining order (DVRO).  J.B. argues there is no evidence to support S.B.'s allegations of abuse.  He also contends evidence shows S.B.'s claims were false and retaliatory. We conclude substantial evidence supports the order and therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 15, 2022, S.B. filed a request for a DVRO against J.B. to protect herself, their three-year-old daughter A.B., and her three other minor

children, S.S., A.S., and K.S.  S.B. stated J.B. had been abusing her for years, including when she was pregnant with A.B.  He also told her multiple times that he would kill her.

In her DVRO request, S.B. explained the last time J.B. physically and verbally abused her was on "the 10th."  He called her a "piece of s**t", pushed her, and grabbed A.B. by the arm.  He then pointed a gun at them and "cocked the gun and told me he will blow my brains out."  A.M. asked " 'your [sic] going to kill us daddy.' "  S.B. told J.B., " 'so your [sic] just going to kill me in front of our daughter and with [K.S.] in the living room.  If you are going to kill me do it without my kids here."  According to S.B., J.B. laughed, "put the gun up," then proceeded to push and hit her, which caused her to fall and sustain a bruise on her leg.  She went in the bathroom and J.B. walked in and started choking her, then bent her neck down to try to drown her under the bathtub faucet.  He then pushed her against the wall and told her he will kill her and did not care if she called the police because he had nothing to lose.

J.B. had also verbally and physically abused K.S.  S.B. described the last incident that occurred when she was at work and received a call from K.S. saying J.B. grabbed her arm, would not let it go, and pulled her hair.

S.B.'s mother called the police after one incident when J.B. was pushing her and S.B.  S.B. explained she did not seek a DVRO in the past because she "was scared and in love and grew up not to tell."  She stated she is tired of living in fear not knowing if J.B. is going to kill her or A.B.  She hoped that by finally standing up for her children and herself, J.B. would not take action and kill her as he had been saying he would.

In response, J.B. asserted the allegations were false, S.B. was not afraid of him, and she never has been.  Instead, S.B. has anger issues and

2

had been violent toward him with A.B. present. He claimed S.B. was seeking the DVRO in retaliation to his request for custody of A.B. that he filed two days prior. J.B. asserted he was doing his best to be a good father to A.B., he took parenting classes, anger management classes, and courses to improve his career opportunities. He attached visitation observation reports from California Family Visitation (CFV) to show his positive interactions with his daughter A.B.

The trial court held a hearing on December 5, 2022. There was no court reporter present. The minute order indicates S.B. and J.B. were both present and represented by counsel. S.B. testified and admitted one exhibit, identified as "Text messages from respondent."[1] J.B. also testified. At the close of evidence, the minute order states: "The court finds the protected party has met her burden by a preponderance of the evidence to show that an act of abuse has occurred within the meaning of the Domestic Violence Prevention Act. [¶] The court finds [S.B.'s] testimony to be credible regarding the incidents of abuse." The court issued a formal order after hearing granting a three-year DVRO against J.B. and naming A.B., S.S., A.S., and K.S. as additional protected people.

J.B. filed a notice of appeal and requested a settled statement of the unreported hearing under rule 8.137 of the California Rules of Court. The trial court issued a settled statement, which summarizes the parties' testimony as follows: "At the beginning of the hearing, Petitioner and Respondent were sworn-in, both indicated that the facts included in their respective declarations—as set forth in the request and response—were true, accurate, correct. . . . Petitioner and Respondent then testified and provided additional details than those included in their respective declarations.

---

1      This exhibit is not in the appellate record.

3

However, the court does not have independent recollection of the additional testimony/details." Regarding the court's findings, the settled statement states: "After having reviewed the respective declarations of both parties, hearing their respective testimony and reviewing the exhibit, the Court determined the Petitioner met her burden by a preponderance of the evidence to show that an act of abuse has occurred within the meaning of the Domestic Violence Prevention Act. [¶] The court found Petitioner's testimony to be credible regarding the incidents of abuse."

## DISCUSSION

J.B. argues there is no substantial evidence to support the trial court's finding of abuse. (See Fam. Code, § 6203 [defining "abuse"]; § 6211 [defining "domestic violence" to include abuse perpetrated against a person with whom the respondent has had a child]; § 6300 [authorizing DVRO based on proof of past abuse].) He asserts S.B. relied only on her own testimony and did not provide a police report, photo, medical document, or credible witness to substantiate her allegations. And as he did below, he claims S.B. sought the restraining order in retaliation for his filing a custody action as to A.B. He also contends evidence showed S.B.'s claims were false. Specifically, he asserts the CFV visitation reports of his visits with A.B. are positive and

4

show no signs of abuse.[2]  Upon our review of the record, we conclude substantial evidence supports the trial court's finding of abuse and therefore affirm the court's order.

We review a grant of injunctive relief for abuse of discretion.  (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420 [abuse of discretion standard applies to a grant or denial of a DVRO].)  In our review of the trial court's factual findings, we look to whether substantial evidence supports the trial court's order.  (*In re Marriage of G.* (2017) 11 Cal.App.5th 773, 780.)  As a trier of fact, the trial judge is required to reject evidence only when it is "inherently improbable or incredible, i.e., 'unbelievable *per se*,' physically impossible or 'wholly unacceptable to reasonable minds.'  [Citations.]"  (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968, internal quotation.)  "[W]e defer to the trier of fact on issues of credibility."  (*Ibid.*; see also *In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531.)  In determining whether substantial evidence supports the court's order, we view the evidence in the light most favorable to the prevailing party.  (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1151.)

According to the settled statement, S.B. and J.B. both testified that the facts in their respective filings were true, accurate, and correct.  The trial

---

[2]  J.B. also sought to augment the record on appeal with text messages from July 10, 2022, which he contends shows he was not with S.B. and A.B. that day, contrary to S.B.'s allegation that that is when the last incident of abuse occurred.  However, J.B.'s motion to augment states his attorney below chose not to present the text messages to the trial court and J.B. has made no showing they were otherwise considered below.  Based on our review of the appellate record, there is no indication these are the same text messages that S.B.'s attorney admitted into evidence.  The trial court's orders must be reviewed based solely on the evidence that was before it at the time they were made.  (*In re V.M.* (2010) 191 Cal.App.4th 245, 253, fn. 1.)  As such, we deny J.B.'s motion to augment.

court found S.B.'s testimony to be credible.  Nothing more is required to sustain the trial court's finding of abuse.  If believed by the trial court, the testimony of a single witness is sufficient evidence for a finding of abuse and the issuance of a DVRO.  (See, e.g., *Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 517, citing *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 823; see also *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 [testimony of single witness, even the party herself, may be sufficient].)  J.B.'s argument that S.B. acted in retaliation goes to her credibility, and as an appellate court, "we do not second-guess the calls the trial court made regarding credibility." (*Barboni v. Tuomi* (2012) 210 Cal.App.4th 340, 349.)

## DISPOSITION

The order is affirmed.  Respondent shall recover her costs on appeal.


KELETY, J.

WE CONCUR:



DATO, Acting P. J.



DO, J.

6